ORIGINAL

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 00-445 (DWF/RLE)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>PLAINTIFF,<br><br>V.<br><br>PARCEL OF REAL PROPERTY LOCATED IN MALMO, AITKIN COUNTY, MINNESOTA, WITH ALL BUILDINGS, APPURTENANCIES AND IMPROVEMENTS THERETO; 1999 FORD EXPLORER, MINNESOTA LICENSE #CEE 503, V.I.N. 1FMZU34X6XUA59217; 1997 DAEWOO SKID-STEER LOADER DSL 801 (BOBCAT) WITH ATTACHMENTS, V.I.N. #AB-00583; 1986 JOHN DEERE 450 E CRAWLER DOZER (BULLDOZER), V.I.N. #T0450EW726942; AND 1981 DROTT CASE 50 BEC BACKHOE, V.I.N. #6279906,<br><br>DEFENDANTS. | DEFAULT JUDGMENT AND FINAL ORDER OF FORFEITURE |

Based on the plaintiff's motion for default judgment, for final order of forfeiture and for a Certificate of Reasonable Cause, on all the files and records in this action, and on the Court's finding as follows that:

1. a verified Amended Complaint for Forfeiture with supporting affidavit was filed on April 13, 2000, alleging that the defendants were subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) and/or (a)(7);

2. the United States Marshals Service executed the Warrant of Arrest and Notice in Rem issued by Magistrate Judge Raymond L. Erickson on April 17, 2000, by arresting the defendants, by



JUN 28 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD JUN 28 2002
DEPUTY CLERK

serving a copy of the Summons, Amended Complaint for Forfeiture with supporting Affidavit, Warrant of Arrest, and Notice of Lis Pendens on and by giving due notice to known interested persons and entities to serve on the United States Attorney and file with the Clerk of Court a claim for the defendants within 10 days from service of the Amended Complaint for Forfeiture and to serve and file an answer to the Amended Complaint for Forfeiture within 20 days after the date the claim was filed;

3. a notice of the forfeiture action against the defendants was published in the Finance and Commerce, Minneapolis, Minnesota, a newspaper of general circulation in the District of Minnesota, on April 22, April 29 and May 6, 2000, giving notice to all unknown interested persons and entities of the claim and answer requirements;

4. the following persons and entities filed a claim and an answer to the Amended Complaint for Forfeiture:

a. Ronald Wahlstrom,

b. Donald Pearson, and

c. Bremer Bank, N.A.;

5. no other claims for the defendants and answers to the Amended Complaint for Forfeiture have been filed with the Clerk of Court and served on the United States Attorney, and the time for filing a claim and answer has expired;

6. the plaintiff has now entered into and filed with the Clerk of Court stipulations for settlement with Bremer Bank, N.A., Donald Pearson, and Ronald Wahlstrom;

NOW, THEREFORE, IT IS HEREBY ORDERED that:

1. default judgment is entered against Guadalupe Wahlstrom, Robert Enga, Aitkin County, and all unknown persons and entities having an interest in the defendants;

2. this action is dismissed in so far as it pertains to the 40 acres of the defendant real property, legally described as the Southeast Quarter (SE 1/4) of the Southwest Quarter (SW 1/4) of Section 21, Township 45, Range 25, Aitkin County, Minnesota, and the defendant 1981 Drott-Case 50 BEC Backhoe, and this 40 acres of the defendant real property and the defendant 1981 Drott-Case 50 BEC Backhoe shall be released to Claimant Donald Pearson pursuant to the terms of the Stipulation for Settlement of Claim between the United States and Claimant Donald Pearson;

3. this action is dismissed in so far as it pertains to the defendant 1999 Ford Explorer and the defendant 1999 Ford Explorer shall be returned to Claimant Ronald Wahlstrom in accordance with the Stipulation for Settlement of Claim between the United States and Claimant Ronald Wahlstrom;

4. the 40 acres of the defendant real property, legally described as the Southwest Quarter (SW 1/4) of the Southwest Quarter (SW 1/4) of Section 21, Township 45, Range 25, Aitkin

County, Minnesota, is forfeited to the United States free and clear of any and all claims, except as provided in the Stipulation for Settlement of Claim between the United States and Claimant Ronald Wahlstrom and the Stipulated Expedited Settlement Agreement and Order between the United States and Claimant Bremer Bank, N.A., and shall be disposed of in accordance with law and the foregoing stipulations;

5. the net proceeds of $10,155.14 from the sale of the defendant 1986 John Deere 450E Crawler Dozer and the net proceeds of $7,884.97 from the sale of the defendant 1997 Daewoo Skid-Steer Loader DSL 801 with attachments, is forfeited to the United States free and clear of any and all claims for disposition in accordance with law;

6. all other terms of the stipulations for settlement filed in this action are deemed in full force and effect and shall be executed; and

7. a Certificate of Reasonable Cause shall be issued herewith.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: June 26, 2002

DONOVAN W. FRANK, Judge
United States District Court

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

DATE MAILED TO COUNSEL/PRO SE PARTIES:

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make Additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

C:\FORMS\APPEAL NO. CIV
Rev. August 11, 1995