ORIGINAL

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 00-445 (DWF/RLE)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, PLAINTIFF, | ) | STIPULATION FOR SETTLEMENT OF CLAIM |
| v. | ) | |
| REAL PROPERTY LOCATED IN MALMO, MN, ET AL., DEFENDANTS. | ) | |

The United States and Claimant Ronald Wahlstrom, through their respective undersigned counsel, hereby stipulate to the settlement of Claimant Ronald Wahlstrom's claim for the defendant 1999 Ford Explorer, MN License #CEE 503, VIN #1FMZU34X6XUA59217 (hereinafter "the defendant 1999 Ford Explorer"); 40 acres of the defendant real property, together with all buildings, appurtenances and improvements thereto, legally described as the Southwest Quarter (SW 1/4) of the Southwest Quarter (SW 1/4) of Section 21, Township 45, Range 25, Aitkin County, Minnesota (hereinafter "the defendant 40 acres"); the net proceeds of $10,155.14 from the sale of the defendant 1986 John Deere 450E Crawler Dozer (hereinafter "the defendant John Deere Bulldozer"); and the net proceeds of $7,884.97 from the sale of the defendant 1997 Daewoo Skid-Steer Loader DSL 801 with attachments, VIN #AB-00583 (hereinafter "the defendant Daewoo Bobcat") as follows:



EXHIBIT
4

1. Upon the entry of a Final Order of Forfeiture in this case, the United States agrees to return the defendant 1999 Ford Explorer to Claimant Ron Wahlstrom. Claimant Ronald Wahlstrom agrees to accept the defendant 1999 Ford Explorer "as is, where is." The United States agrees that it will be responsible for payment of any storage fees accrued against the defendant 1999 Ford Explorer.

2. Claimant Ronald Wahlstrom consents to the entry of a Final Order of Forfeiture in this case forfeiting the defendant 40 acres and the net proceeds totaling $18,040.11 from the sale of the defendant 1986 John Deere Bulldozer and 1997 Daewoo to the United States.

3. The United States agrees that, upon the entry of a Final Order of Forfeiture, the United States Marshal will proceed to sell the defendant 40 acres. Upon its sale and after payment of the normal and usual closing costs and the mortgage due to Claimant Bremer Bank, N.A. pursuant to the Stipulated Expedited Settlement Agreement, the United States Marshal will pay to Claimant Ronald Wahlstrom, by check made payable to Ronald Wahlstrom and his undersigned attorney, thirty percent (30%) of the net sale proceeds.

4. The United States agrees that Claimant Ronald Wahlstrom and his wife, Guadalupe Wahlstrom, may continue to reside at the

defendant 40 acres pending its sale in consideration for the following:

a. Claimant Ronald Wahlstrom agrees that the United States Marshal may, prior to the entry of the Final Order of Forfeiture and upon notice to his undersigned counsel, inspect the defendant 40 acres and video-tape its condition and to proceed to select a realtor for the sale of the defendant 40 acres.

b. Claimant Ronald Wahlstrom agrees to cooperate in the sale of the defendant 40 acres by maintaining the defendant 40 acres in acceptable condition for showing as requested by the United States Marshal and the realtor and by complying with requests for closing documents including, but not limited to, executing any and all documents necessary to transfer title to the defendant 40 acres free and clear of any and all claims by him and Guadalupe Wahlstrom, as requested by the United States Marshal and the realtor.

c. Claimant Ronald Wahlstrom agrees that he and Guadalupe Wahlstrom will vacate the defendant 40 acres prior to closing on the sale as directed by the United States Marshal and will leave the defendant 40 acres in acceptable condition for transfer to the purchaser.

d. Claimant Ronald Wahlstrom agrees that he and Guadalupe Wahlstrom will pay all utilities and the mortgage payments due

Claimant Bremer Bank, N.A. up until he and Guadalupe Wahlstrom vacate the defendant 40 acres.

5. Claimant Ronald Wahlstrom agrees that the persons who made the seizure of the defendant 1999 Ford Explorer, the defendant 40 acres, the defendant 1986 John Deere Bulldozer, and the defendant 1997 Daewoo Bobcat, and the prosecutor shall not be liable to suit or judgment on account of such seizure or prosecution as, pursuant to 28 U.S.C. § 2465, there is reasonable cause shown for the seizure of the defendant 1999 Ford Explorer, the defendant 40 acres, the defendant 1986 John Deere Bulldozer, and the defendant 1997 Daewoo Bobcat. Claimant Ronald Wahlstrom agrees to the issuance of a Certificate of Reasonable Cause by the Court.

6. Claimant Ronald Wahlstrom agrees that the United States of America, its officers, employees and agents are unconditionally released and held harmless from any and all claims, demands, damages, causes of action or suits of whatever kind and description, and wheresoever situated, that might now exist or hereafter exist by reason of or growing out of or affecting, directly or indirectly, the seizure, forfeiture and/or return of any of the defendant property to Claimant Ronald Wahlstrom.

7. Each party agrees to bear their own attorneys fees and other costs incurred in this action. Claimant Ronald Wahlstrom

specifically waives any claim to interest, attorney fees or other costs he may have under 28 U.S.C. § 2465(b).

Dated: 6-24-2002

THOMAS B. HEFFELFINGER
United States Attorney

BY: ROBERT M. SMALL
First Assistant U.S. Attorney
Attorney I.D. No. 10212X
600 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
612-664-5600

Dated: 6-17-02

MESHBESHER & SPENCE, LTD.

BY: DANIEL GUERRERO, ESQ.
Attorney for Claimant
Ronald Wahlstrom
1616 Park Avenue
Minneapolis, MN 55404
612-339-9121

Dated: 6-3-02

BY: RONALD WAHLSTROM
Claimant

UNDER PROTEST