UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
CIVIL NO. 00-445 (DWF/RLE)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>PLAINTIFF,<br><br>V.<br><br>PARCEL OF REAL PROPERTY<br>LOCATED IN MALMO, MINNESOTA,<br><br>DEFENDANT. | AFFIDAVIT OF DIANE WILCOX |

County of Hennepin )
) ss.
State of Minnesota )

I, Diane Wilcox, being duly sworn, depose and state that:

1. I am the Administrative Officer of the United States Marshals Service for the District of Minnesota and have been employed in that capacity for approximately 8 years. This affidavit is made by me after a review of the files for this property in the United States Marshals Service Office.

2. On January 19, 2002, the United States Marshals Service obtained an appraisal of Claimant Ronald Wahlstrom’s 40 acres of the defendant real property (hereinafter the Wahlstrom 40 acres) at $287,000. The Wahlstrom 40 acres included a house and a garage/pole building. A true and correct copy of the appraisal is attached hereto as Exhibit A.

3. On July 11, 2002, the United States Attorney’s Office directed the United States Marshals Service to dispose of the Wahlstrom 40 acres pursuant to the Default Judgment and Final Order of Forfeiture entered June 28, 2002, and the stipulations for

settlement with Claimants Ronald Wahlstrom and Bremer Bank, which held a mortgage on the property. The stipulation for settlement with Claimant Ronald Wahlstrom provided that he and his wife could continue residing at the Wahlstrom 40 acres until its sale by the United States Marshals Service under the conditions specified in the stipulation. One of the specified conditions was as follows:

> c. Claimant Ronald Wahlstrom agrees that he and Guadalupe Wahlstrom will vacate the defendant 40 acres prior to closing on the sale as directed by the United States Marshal and will leave the defendant 40 acres in acceptable condition for transfer to the purchaser.

After payment of the costs for disposition of the Wahlstrom 40 acres and the mortgage balance due Claimant Bremer Bank, Claimant Ronald Wahlstrom was to receive 30% of the net sale proceeds.

4. On or about September 3, 2002, the United States Marshals Service contracted with Roger L. Danielson of Coldwell Banker/Beacon Realty, Ltd., to market and sell the Wahlstrom 40 acres. A potential mold contamination problem in the lower level of the residence was discovered and analysis and cleanup of the mold contamination problem was not completed until December, 2002.

5. On or about January 3, 2003, the United States Marshals Service was advised that the residence on the Wahlstrom 40 acres had burned to the ground. The fire investigation remains open. Marketing of the Wahlstrom 40 acres through the Multiple Listing Service was suspended pending the fire investigation and completion of safety-related repairs.

6. By letter dated June 4, 2003, sent certified mail, return receipt requested, to Ronald Wahlstrom and his attorney, Barry Voss, the United States Marshals Service advised Mr. Wahlstrom that, since the residence on the Wahlstrom 40 acres had been destroyed by fire and the Wahlstroms were no longer living there, there was no need for him to be at the Wahlstrom 40 acres any more and that he would be required to remove any personal property and vacate the Wahlstrom 40 acres by July 4, 2003. A true and correct copy of the certified letter is attached hereto as Exhibit B.

7. On or about July 7, 2003, the United States Marshals Service received information that the garage/pole building on the Wahlstrom 40 acres was being dismantled by Ronald Wahlstrom and others identified as Gary Hambleton, Daniel Phillips and Donald Arends. This information was provided to the United States Attorney's Office.

8. On September 2, 2003, the Wahlstrom 40 acres was re-listed at $65,000.

9. On September 5, 2003, the United States Marshals Service received a purchase offer of $60,000.00 for the Wahlstrom 40 acres, which was accepted.

10. On September 9, 2003, the United States Marshals Service was advised by Realtor Roger Danielson that the well pump had been removed and the drain field for the septic system had been bulldozed. On that same date, the United States Marshals Service

learned that a mechanic's lien in the amount of $31,500.00 had been filed on June 26, 2003, against the Wahlstrom 40 acres by Gary Hambleton purportedly for work performed beginning in May, 2003. Gary Hambleton was one of the individuals identified by the Aitkin County Sheriff's Department as assisting Ronald Wahlstrom in removing the garage/pole building from the 40 acres on or about July 7, 2003.

11. On September 14, 2003, the United States Marshals Service received an addendum to the appraisal for the Wahlstrom property indicating a new appraised value of $63,000.00, taking into consideration that the residence had been destroyed by fire, that the condition of the well and septic system was unknown, and that garage/pole building had been partially dismantled. A true and correct copy of the addendum is attached hereto as Exhibit C. The purchase offer of $60,000.00 was accepted for the Wahlstrom 40 acres "as is" and closing was scheduled for October, 2003.

12. On October 17, 2003, the United States Marshals Service received information that Ronald Wahlstrom was bothering the buyers of the Wahlstrom 40 acres. United States Marshals Deputy Kelly Sullivan called the Aitkin County Sheriff's Department, which indicated that they would tell Ronald Wahlstrom to stay off the property.

13. On or about October 17, 2003, the sale of the Wahlstrom 40 acres was closed. After payment of all costs associated with

the disposition of the Wahlstrom property, including the $7,718.96 for the realtor's commission and closing costs; payment of $9,959.38 to Claimant Bremer Bank for its mortgage; $600.00 for appraisals and title work; $2,596.98 to correct the mold contamination problem prior to sale; and $381.56 to put safety fencing around the basement of the destroyed residence; the net sale proceeds amounted to $38,743.12. The United States Attorney's Office directed the United States Marshals Service to hold the distribution of the net proceeds pursuant to the stipulation for settlement with Ronald Wahlstrom until further notice.

FURTHER YOUR AFFIANT SAYETH NAUGHT.

s/Diane Wilcox
Diane Wilcox

Subscribed and sworn to before me

this 4th day of June, 2004.

s/Nancy J. Schmidt
NOTARY PUBLIC