**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**CIVIL NO.: 00-445 (DWF/RLE)**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>REAL PROPERTY LOCATED IN MALMO, MN, ET AL.,<br><br>Defendants. | **DEFENDANT'S MEMORANDUM OF LAW IN REPLY TO PLAINTIFF'S MEMORANDUM IN OPPOSITION TO CLAIMANT'S MOTION TO ENFORCE SETTLEMENT AGREEMENT** |

## INTRODUCTION

Claimant Ronald Wahlstrom submits this memorandum in reply to Plaintiff's Memorandum in Opposition to Claimant Ronald Wahlstrom's Motion to Enforce Settlement Agreement ("Plaintiff's Memorandum") to address new issues brought up by Plaintiff. For the reasons outlined below, this Court should grant Claimant Wahlstrom's motion to enforce settlement and deny Plaintiff's motion to stay the proceedings.

## ADDITIONAL FACTS

This Court issued its final order on June 26, 2002. Default Judgment and Final Order of Forfeiture ("Order of 6/28/2002"). In an April 3, 2002, Order, this Court dismissed the action and reserved jurisdiction for 90 days to enforce the terms of the settlement agreement. Order of 4/3/2002. Before the expiration of 90 days, the United States moved to enforce the settlement, and

this Court granted the motion, re-opening the case. Order of May 1, 2002. At the conclusion of further litigation, this Court issued the June 26, 2002, Order. In that order, this Court acknowledged the stipulation for settlement between the parties, and, using language similar to the stipulation for settlement, ordered that

> 4. the 40 acres of the defendant real property . . . is forfeited to the United States free and clear of any and all claims, except as provided in the Stipulation for Settlement of Claim between the United States and Claimant Ronald Wahlstrom . . . and shall be disposed of in accordance with law and the foregoing stipulations;
>
> . . .
>
> 6. all other terms of the stipulations for settlement filed in this action are deemed in full force and effect and shall be executed . . .

Order of 6/26/2004 at 3-4, ¶¶ 4 and 6.

On November 26, 2003, Plaintiff, by and through its attorney, AUSA James Alexander, advised Claimant Wahlstrom, through his attorney, that "if necessary, the United States intended to bring this matter back before the Court with a request that the amount due Claimant Wahlstrom under the stipulation for settlement be reduced . . ." Plaintiff's Memorandum at 11, ¶ 21; Alexander Decl., Exh. 1 ([A] motion will be filed with the Court within the next several weeks.") This would have

been months past the date the United States now claims represents the limit of this Court's ancillary jurisdiction. Plaintiff's Memorandum at 14.

In conversation with AUSA James Alexander, Samuel J. Glover, attorney for Claimant Wahlstrom, did initially agree to postpone additional litigation until the attorneys had a chance to try to settle the matter, but after prolonged negotiations produced no result, Claimant Wahlstrom and his attorneys made the decision to pursue additional remedies through the Court. Glover Aff. ¶ 3 and Exh. A.

## ARGUMENT

### I. This Court Has Ancillary Jurisdiction To The Enforce Settlement Because The Final, June 26, 2002, Order Embodied The Relevant Terms Of The Settlement Agreement.

The federal courts are courts of limited jurisdiction, and have jurisdiction only over those matters granted by the Constitution and statute. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). In *Kokkonen*, the United States Supreme Court outlined the doctrine of ancillary jurisdiction, which gives federal courts the power to enforce their orders after dismissal. The Supreme Court recognized the inherent power of federal courts to enforce the language in their own orders. *Id.* at 381; *Gilbert v. Monsanto Co.*, 216 F.3d 695, 699 (8th Cir. 2000) (*quoting Meiner v. Missouri Dept. of Mental Health*, 62 F.3d 1126, 1127 (8th Cir. 1995) (*quoting Kokkonen*, supra)). The essence of the

ancillary jurisdiction doctrine is this: a court has jurisdiction to enforce the language of its orders. *Cf. Kokkonen* at 381.

In paragraph 4 of its June 26, 2002, Order, this Court directed that the defendant real property should be forfeited according to the terms of the stipulation for settlement. Order of 6/26/2002 at 3, ¶ 4. The Court also, in paragraph 6 of the same order, directed that all the terms of the stipulation for settlement shall be "in full force and effect and shall be executed . . ." *Id.* at 4, ¶ 6. This is language unequivocally embodying the terms of the stipulation for settlement and giving this Court ancillary jurisdiction over Claimant Wahlstrom's motion to enforce settlement. The Order of 6/26/2002 is not controlled by the ninety day limitation in the Order of 4/3/2002. The case was re-opened after the dismissal, and the later Order was titled a "final order" and embodied the terms of the stipulation for settlement relevant to the instant motion.

This Court should find that it has ancillary jurisdiction over Claimant Wahlstrom's motion to enforce settlement because it incorporated the relevant language from the stipulation for settlement into its Order of June 26, 2002. Claimant is therefore alleging a violation of an order of this court as well as a violation of the settlement. For these reasons, this court should decide the merits of Claimant's motion to enforce settlement.

## II. This Court Should Deny Plaintiff's Motion To Stay The Proceedings Because Plaintiff Has Not Shown That Civil Discovery Will Adversely

**Affect The Ability Of The Government To Prosecute The Related Criminal Case.**

The statute cited by Plaintiff empowering it to stay the matter pending the outcome of the criminal proceeding requires the Court to determine whether civil discovery will adversely affect the ability of the Government to conduct a related criminal investigation. Plaintiff's Memorandum at 15, (*citing* 18 U.S.C. § 981(g). No civil discovery is required for the resolution of the instant motion, but if it were, it could not adversely affect the ability of the Government to conduct the criminal investigation. The Plaintiff would rather decide the civil liability in a criminal proceeding. The ideal venue to determine whether Claimant Wahlstrom has any civil liability for his actions is a civil court, not a criminal one.

Because civil liability is better decided in a civil proceeding, this Court should hear the merits of Claimant Wahlstrom's motion to enforce settlement and determine whether the United States has breached the terms of the settlement agreement.

## CONCLUSION

For the reasons above and those outlined in the Memorandum Of Law In Support Of [Claimant] Wahlstrom's Motion To Enforce Settlement, this Court should grant Claimant Wahlstrom's motion to enforce settlement and deny Plaintiff's motion to stay the proceedings.

Dated this 14th day of June, 2004

Respectively Submitted,

**BARRY V. VOSS, P.A.**

_s/Samuel J. Glover_________________

Barry V. Voss #113293
Samuel J. Glover #327852
527 Marquette Avenue South
Suite 1050
Minneapolis, Minnesota 55402
(612) 673-0707

**ATTORNEYS FOR CLAIMANT**