**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

United States of America, Civil No. 00-445 (DWF/RLE)

Plaintiff,

v.

**MEMORANDUM OPINION AND ORDER**

"South Half of the Southwest
Quarter of Section 21, Township 45,
Range 25, Aitkin County, Minnesota,"
with Any and All Appurtenances Thereto
and Any and All Proceeds from Its Sale or Transfer,
Parcel of Real Property Located in Malmo, Aitkin County,
Minnesota, Legally Described As,

Defendant,

Donald Pearson, Jr.; Ronald Ray Wahlstrom;
Donald Pearson; and Bremer Bank, National
Association f/k/a First National Bank of Aitkin,

Claimants.

---

Robert M. Small, First Assistant United States Attorney, and James S. Alexander, Assistant United States Attorney, 600 United States Courthouse, 300 4th Street South, Minneapolis, MN 55415, counsel for Plaintiff.

Barry Vaughan Voss, Esq. and Samuel J. Glover, Esq., Barry V. Voss, PA, 527 Marquette Avenue South, Suite 1050, Minneapolis, MN 55402, counsel for Claimant Ronald Ray Wahlstrom.

Charles L. Hawkins, Esq., Hawkins Law Office, 2890 Lincoln Center, 333 South Seventh Street, Minneapolis, MN 55402, counsel for Claimants Donald Pearson, Jr., and Donald Pearson.

Michelle R. Jester, Esq., Messerli & Kramer, 1800 Fifth Street Towers, 150 South Fifth Street, Minneaolis, MN 55402-4246, counsel for Claimant Bremer Bank, National Association f/k/a First National Bank of Aitkin.

## Introduction

The above-entitled matter came on for hearing before the undersigned United States District Judge on June 18, 2004, pursuant to Claimant Ronald Wahlstrom's Motion to Enforce Settlement Agreement. After the filing of Wahlstrom's motion, the Government filed a Motion to Stay this proceeding until a pending criminal case against Wahlstrom is resolved. For the reasons set forth below, Wahlstrom's Motion to Enforce Settlement Agreement is denied and the Government's Motion to Stay this proceeding is denied as moot.

## Background

The facts of this case are largely undisputed by the parties. On April 2, 2002, a settlement was reached before Magistrate Judge Raymond L. Erickson between the Government and Wahlstrom regarding 40 acres of Wahlstrom's real property (the "Property") and various other items of Wahlstrom's personal property. The terms of the settlement were entered on the record and were incorporated in a written settlement agreement presented to Wahlstrom and his counsel the next day.

The Court filed an Order of Dismissal on April 3, 2002. The Order dismissed this action with prejudice, "the court reserving jurisdiction for ninety (90) days to permit any party to move to reopen this action, for good cause shown, or to submit and file a stipulated form of final judgment, or to seek enforcement of the settlement terms."

Later, Wahlstrom refused to sign the settlement agreement. As a result, the Government filed a motion to have the terms of the settlement enforced. On May 1, 2002, the Court entered an order enforcing the settlement and requiring Wahlstrom and his counsel to sign the Stipulation for Settlement.

Wahlstrom signed the Stipulation for Settlement "under protest" and his counsel also signed the document.

This Court entered a Default Judgment and Final Order of Forfeiture on June 26, 2002. The Default Judgment and Final Order of Forfeiture stated, in relevant part, that:

> 4. the 40 acres of defendant real property . . . is forfeited to the United States free and clear of any and all claims, except as provided in the Stipulation for Settlement of Claim between the United States and Claimant Ronald Wahlstrom . . . and shall be disposed of in accordance with law and the foregoing stipulations;
>
> . . .
>
> 6. all other terms of the stipulations for settlement filed in this action are deemed in full force and effect and shall be executed.

The stipulation for settlement provided that Wahlstrom and his wife could continue to reside on the Property until its sale by the United States Marshals Service (the "Marshals Service") if the Wahlstroms agreed to abide by certain conditions. The Wahlstroms agreed to allow the Marshals Service to inspect the property, to maintain the property in an acceptable condition, to execute any and all documents necessary to transfer title, to vacate the Property 40 days prior to closing on the sale as directed by the Marshals Service, and to pay all utilities and mortgage payments due until the Wahlstroms vacated the property. In addition, the settlement stipulation provided that Wahlstrom was to receive 30% of the net sale proceeds from the sale of the Property, after payment of closing costs and payment of the mortgage balance.

On January 3, 2003, the Marshals Service was advised that the residence on the Property had burned to the ground. A subsequent investigation of the fire indicated that the fire was the result of arson.

On June 4, 2003, the Marshals Service sent a letter to Wahlstrom and his new attorney, Barry Voss, advising Wahlstrom that he was required to vacate the Property by July 4, 2003.

On July 5, 2003, the Aitkin County Sheriff's Department was contacted by a complainant regarding the Property. The complainant was aware that the Government had seized the Property and was concerned because there was a group of people on the Property attempting to dismantle a pole barn. Thereafter, Deputy Sheriff Sheryl Smith was dispatched to the Property to investigate the complaint.

When Deputy Smith arrived at the Property, she identified four individuals, including Ronald Wahlstrom, Gary Hambleton, Daniel Phillips and Donald Arends. The four individuals had tools with them and appeared to be working on the pole barn. Wahlstrom told Deputy Smith that he owned the Property and that he was taking the aluminum siding off of the building to replace it with log siding in order to make it suitable for habitation. Deputy Smith requested documentation from Wahlstrom regarding Wahlstrom's ownership of the Property. After Wahlstrom was unable to produce such documentation, he agreed to leave the Property. The next day Sheriff's Deputy John Drahota examined the pole barn on the Property and found that the framing boards and the aluminum siding had been removed from the roof, the south side, and the east side of the building.

On September 5, 2003, the Marshals Service received a purchase offer of $60,000.00 for the Property. On September 14, 2003, the Marshals Service had the Property appraised at a value of $63,000.00. The Property had previously been appraised with the residence and pole barn intact at $287,000.00.

On October 17, 2003, the sale of the Property was closed. The net sale proceeds amounted to $38,743.12. According to the stipulation for settlement between the Government and Wahlstrom, Wahlstrom was to receive 30% of the net proceeds, or $11,622.94. The United States Attorney's Office directed the Marshals Service to hold the distribution of the net sale proceeds until further notice.

On December 16, 2003, Wahlstrom was indicted in the United States District Court for the District of Minnesota on two counts of income tax evasion and one count of destruction or removal of property to prevent seizure in violation of 18 U.S.C. § 2232(a). The count of destruction of property relates to Wahlstrom's conduct in dismantling and removing parts of the pole barn located on the Property. The criminal action is set for trial on August 2, 2004.

In Wahlstrom's Motion to Enforce Settlement, he contends that the Government's actions are not in compliance with the settlement agreement and thus that the Government has violated the terms of the settlement agreement and the Court's June 26, 2002, Order. The Government opposes the motion and requests a stay of this proceeding until the criminal action related to this matter has been heard.

## Discussion

### I. Subject Matter Jurisdiction

The Government contends that this Court does not have subject matter jurisdiction to enforce the settlement because the Court did not explicitly retain enforcement jurisdiction over the settlement or otherwise incorporate the settlement agreement into its Order. In support of this contention, the Government relies upon the United States Supreme Court's decision in *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375 (1994). In *Kokkonen*, the Supreme Court held that "enforcement of a settlement agreement . . . whether through award of damages or decree of specific performance, is

more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction." *Id.* at 378. In the absence of complete diversity or federal question jurisdiction, the Court held that district courts do not have inherent authority to enforce the terms of a settlement agreement unless the district court has expressly retained enforcement jurisdiction over the agreement or the district court has incorporated the terms of the settlement agreement in the order. *Id.* at 381. As noted by the Court, "[t]he judge's mere awareness and approval of the terms of the settlement agreement do not suffice to make them part of his order." *Id.*

As in *Kokkonen*, this Court had federal question subject matter jurisdiction over the original lawsuit at issue here. However, the current claim is for breach of contract related to the Government's alleged failure to comply with the settlement agreement. Both federal question jurisdiction and complete diversity do not exist as to this claim, so the Court must look to whether it has ancillary jurisdiction to enforce the terms of the settlement agreement. The Court finds that it does not.

The Court's Order of Dismissal stated that the Court dismissed the action with prejudice retaining jurisdiction for ninety days "to permit any party to move to reopen the action, for good cause shown, or to submit and file a stipulated form of final judgment, or to seek enforcement of the settlement terms." By the terms of this Order, the Court did not retain ongoing enforcement jurisdiction. In addition, the Court did not incorporate the terms of the settlement agreement in the Order. Although the Court reviewed the settlement agreement, the Court's mere references to and awareness and approval of the settlement agreement in the Order do not serve to incorporate the settlement agreement's terms and thus confer subject matter jurisdiction on the Court. *See Kokkonen* at 381. Based on these considerations, Wahlstrom's Motion to Enforce Settlement Agreement is denied.

For the reasons stated, **IT IS HEREBY ORDERED THAT:**

1. Claimant Ronald Wahlstrom's Motion to Enforce Settlement Agreement (Doc. No. 57) is **DENIED.**

2. The Government's Motion to Stay (Doc. No. 65) this proceeding is **DENIED AS MOOT.**

Dated: June 28, 2004

s/Donovan W. Frank
DONOVAN W. FRANK
Judge of United States District Court